VINCENZA MARTINO *vs.* CALIFORNIA ARTIFICIAL FLOWER COMPANY.

MAY 27, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.  This original petition for workmen's compensation was brought by an employee as a result of an injury suffered by her while in the respondent's employment on July 8, 1958.  The case is here on the petitioner's appeal from a decree of the workmen's compensation commission sustaining a decree of the trial commissioner who found that she had suffered an injury to her back totally incapacitating her from July 13 to November 3, 1958 and from December 9, 1958 to April 9, 1959, but not thereafter.

The petitioner contends that there is no legal evidence to support the finding in the decree that she has not been incapacitated in whole or in part since April 9, 1959 by reason of the injury which she suffered on July 8, 1958. After carefully examining the transcript we are of the opinion that this contention is without merit.  There is no question that from an orthopedic viewpoint petitioner is able to do light work such as she was doing at the time of her

injury. Doctor A. A. Savastano, an orthopedist who treated her, so testified.

However, Dr. Barry B. Mongillo, a neuropsychiatrist to whom she was referred by Dr. Savastano, testified that she had a neurosis which prevented her from doing any work at her place of employment and that she was totally disabled, although she might be able to do light housework. He further testified that her disability was largely due to apprehensiveness or nervousness springing from a state of fear attributable to her injury. As to how petitioner's difficulty in this respect could be remedied, Dr. Mongillo expressed the opinion it could probably be done by the settlement of petitioner's claim in a lump sum.

The trial commissioner was not impressed with Dr. Mongillo's testimony, especially since it was dependent largely upon the subjective complaints of petitioner whose credibility with reference to her ailments was not accepted by the trial commissioner. On the contrary he appears to have been persuaded by the testimony of Dr. Savastano that she was clearly able to do her regular work which was of an exceedingly light nature. It consisted of sitting or standing at a bench and taking a flower, dipping it in wax, and thereafter moving it to another position on the bench. She injured her back while lifting a tank of wax, which lifting was not part of her regular work. Even Dr. Mongillo on cross-examination conceded that from an orthopedic viewpoint she could do her regular work, but insisted that from a neuropsychiatric viewpoint she could not do so and was therefore totally disabled. It was within the province of the trial commissioner to choose between these two views. Therefore we cannot say that there was no legal evidence to support the decision which he made.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*Vincent Pallozzi,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, James M. Shannahan,* for respondent.